LOTTINGER, Judge.
This is a suit seeking a declaratory judgment to nullify an election of officers of a nonprofit corporation, to order a new election and to obtain injunctive relief. The trial judge denied the injunctive relief, declared the election null and ordered a new election. The defendants filed a suspensive appeal and posted bond. Subsequently they applied for writs to this court from the trial judge’s vacating of the suspensive appeal order. On the application for writs this court, on October 16, 1979, issued a writ of certiorari ordering the record transmitted to this court on or before November 16, 1979.
Plaintiffs, without alleging that they were members of the defendant organization, sued Milton Osborne, Jr., individually and as president of the Iberville Industrial Voters League, Inc. (Voters League) and the Voters League alleging that an election of officers held on June 3, 1979, was improperly held for various reasons. The petition prayed that the election be nullified and that the defendants be ordered to conduct a new election. Additionally, the petition alleges that the defendant, Voters League, owned real estate and other securities which, if encumbered, alienated or disposed of by “this alleged slate of newly elected officers,” will result in irreparable harm to the membership. Plaintiffs thus request a preliminary injunction to enjoin the defendants from encumbering, alienating or disposing of any of the assets. The petition does not ask for a permanent injunction, but only for a preliminary injunction. A show cause hearing on the preliminary injunction was ordered for July 2, 1979.
To the petition, various exceptions were filed. Defendant, Milton Osborne, Jr., contends that he was improperly joined “individually” as a party defendant. Additionally, the exception of prematurity was filed because no permanent injunction had been prayed for. Vagueness and nonjoinder of *546 necessary parties, i. e., secretary and treasurer of the Voters League, were also alleged. The peremptory exception of no right of action was also filed contending that the plaintiffs failed to allege or reveal a justiciable interest in the suit.
From the transcript of the show cause hearing on July 2, it is apparent the trial judge sustained the exception of no right of action and of improper joinder of Milton Osborne, Jr., individually. It is unclear whether the trial judge sustained the exception of prematurity as to the preliminary injunction, or merely denied the injunction, but be that as it may, no preliminary injunction was issued. The trial judge then fixed the trial on the merits for August 13, 1979.
Plaintiffs filed an amended petition on July 6 curing the no right of action exception, but failed to amend as to the dilatory exception of misjoinder. In the absence of an answer being filed, plaintiffs entered a preliminary default on August 8, 1979.
Defendants contend that they did not learn until the day of trial that the trial judge was going to conduct a hearing on the merits. They argued before the trial court that all defects as pointed out in the exceptions and sustained by the trial judge had not been cured by amendment, thus defendants could not be compelled to file an answer and the trial could not proceed. The trial judge apparently concluded that the August 13 hearing was a continuation of the rule to show cause hearing. He then ordered plaintiffs to file an amendment to the petition, and gave defendant approximately a couple of hours to answer. Defendants objected contending that they wanted to file a reconventional demand and take depositions, and therefore they could not be ready for trial that day. Regardless, when the trial court was ready to proceed, the trial judge asked defense counsel if he was ready, and his response was, “I have no choice, Judge.”
After the trial court rendered judgment on August 13 nullifying the election and ordering a new one, defendants presented a “motion and order for suspensive appeal” on September 11. The trial judge signed the order, and the suspensive appeal bond was filed on September 18. On September 24, plaintiffs moved to recall and set aside the order for a suspensive appeal citing La.C.C.P. arts. 2088[1] and 3612.[2] At a hear *547 ing to determine whether the suspensive appeal order should be recalled, the trial judge recalled the.order on September 26, and converted the appeal to a devolutive one.
We issued a writ of certiorari primarily to determine whether the trial judge was correct in recalling the suspensive appeal.
In their brief, plaintiffs rely on La.C.C.P. art. 2088(4) and (7) for the trial judge’s authority to recall the suspensive appeal.
We are of the opinion that this appeal is not from an injunctive proceeding. Plaintiffs sought injunctive relief to prevent the wasting of assets. This was abandoned when they only asked for a preliminary injunction and never asked that a permanent injunction ultimately issue. As such, the delay for taking an appeal as provided in La.C.C.P. art. 2123 applies, and the suspensive appeal and bond were timely-
Once the order of appeal is signed and bond filed in case of a suspensive appeal, the jurisdiction of the trial court is divested except as to certain enumerated instances listed in La.C.C.P. art. 2088. We do not find that this situation falls within any of those exceptions, particularly La.C. C.P. art. 2088(4) and (7). Therefore, we find the trial judge was in error in recalling and vacating the suspensive appeal.
We also find the trial judge in error in ordering defendants to file an answer immediately after plaintiffs amended their petition to cure the defect of misjoinder of parties. It is clear that the defendant has a minimum of “ten days after service of the amended petition” within which to file an answer. La.C.C.P. art. 1001. We do not believe a trial court can force an instanter answer in disregard of Article 1001.
The defendants were not required to answer the petition until it had been properly amended after the trial court sustained the dilatory exception of misjoinder of parties. Thus, the preliminary judgment by default entered on August 8,1979, can have no validity and should be stricken from the minutes of the court. La.C.C.P. art. 1701.
In ordering the defendants to immediately file an answer, the trial judge indicated that the August 13 hearing was a continuation of the rule to show cause, and thus an answer was not necessary. The rule to show cause was only to determine whether a preliminary injunction should issue. At the same hearing exceptions filed by defendants were taken up and disposed of. We do not agree that the August 13 hearing on the merits was a continuation of the show cause on the injunction. These were two separate and distinctly different hearings, although arising out of the same suit.
Since we conclude the trial judge was in error in ordering defendants to immediately file an answer and proceed to trial, we reverse the judgment of the trial court in its entirety and remand. For the sake of judicial economy, however, the plaintiffs on remand can use the evidence already presented in addition to presenting any additional evidence. This matter, however, will not be ready for trial until defendants have filed their answer, and defendants have 10 days from the finality of this judgment within which to file an answer.
Therefore, for the above and foregoing reasons, the judgment of the trial court setting aside and vacating the suspensive appeal order, nullifying the election of officers on June 3,1979, of the Iberville Industrial Voters League and ordering a new election of officers is reversed, and this matter is remanded for further proceedings consistent with the views expressed herein-above. Defendants have 10 days from finality of this judgment to file their answer. All costs are taxed to plaintiffs-respondents.
REVERSED AND REMANDED.

. Art. 2088. Divesting of jurisdiction of trial court
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolu-tive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
(1) Allow the taking of a deposition, as provided in Article 1433;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, ■ as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party;
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of. this Code; or
(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal.

. Art. 3612. Appeals
There shall be no appeal from an order relating to a temporary restraining order.
An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its *547 discretion may stay further proceedings until the appeal has been decided.
Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III.